# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Pablo J. Figueroa Vazquez,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 12-1730 (CKK) |
| | : | |
| **Federal Bureau of Prisons** *et al.*, | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Plaintiff, a federal prisoner proceeding *pro se*, alleges that he was deprived of medical care to treat a "serious burn" he sustained while confined at the Metropolitan Detention Center ("MDC") in Guaynabo, Puerto Rico. Plaintiff filed this action from the Federal Prison Camp in Edgefield, South Carolina, against the U.S. Bureau of Prisons and the "Department of Health Care" at MDC. Compl. Caption. Claiming violations of the Fifth Amendment's due process clause and the Eighth Amendment's proscription against cruel and unusual punishment, *see* Compl. at 5, plaintiff seeks declaratory and injunctive relief and $150,000 in monetary damages for the alleged inadequate medical care he received at MDC. *See* Compl. at 5-6 ("Prayer for Relief"); *id*. at 4 (listing alleged inadequate medical services and describing "the institution" providing them as "a secure complex of building [sic] constructed in Guaynabo, Puerto Rico"). In addition, plaintiff seeks class certification pursuant to Federal Rule of Civil Procedure 23. *Id*. at 5.

Defendants have moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(3) for improper venue, and Rule

12(b)(6) for failure to state a claim upon which relief can be granted. Defs.' Mot. to Dismiss [Dkt. # 10]. In response, plaintiff has filed "Written Objections to Affidavit," [Dkt. # 15], and a "Motion for Preliminary Hearing Under Rule 12(i)" [Dkt. # 16], seeking a hearing on the jurisdictional question. For the following reasons, the Court finds subject matter jurisdiction wanting and, thus, will grant defendants' motion to dismiss under Rule 12(b)(1) and will deny plaintiff's motion for a hearing as moot. *See* Rule 12(h)(3) (requiring dismissal of a case "at any time" subject matter jurisdiction is found wanting). In addition, the Court will deny plaintiff's request for class certification.

1. Sovereign Immunity

The named defendants are components of a United States agency, and "[t]he United States is protected from unconsented suit under the ancient common law doctrine of sovereign immunity." *Shuler v. U.S.* 531 F.3d 930, 932-33 (D.C. Cir. 2008) (quoting *Gray v. Bell*, 712 F.2d 490, 506 (D.C. Cir. 1983)). Plaintiff invokes 42 U.S.C. § 1983 as the basis of jurisdiction for his claims arising under the Constitution. *See* Compl. at 2. That statute authorizes a cause of action against individuals who are alleged to have violated one's rights "secured by the Constitution and [federal] laws" while acting under the authority of "any statute, ordinance, regulation, custom, or usage, of any State . . . or the District of Columbia . . . ." 42 U.S.C. § 1983. Since the named defendants are not state actors, § 1983 is inapplicable. Construing the complaint as brought under the federal analog to § 1983 created by *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is unavailing because "[i]t is . . . well settled that *Bivens* liability cannot be imposed on an agency of the Federal Government." *Drake v. FAA*, 291 F.3d 59, 72 (D.C. Cir. 2002) (citing *FDIC v. Meyer*, 510 U.S. 471, 475-79 (1994)); *see id.* (finding no need to linger in dismissing *Bivens* complaint naming "only the FAA

itself as defendant"). Therefore, the Court finds that it lacks subject matter jurisdiction over plaintiff's claim for damages against the only named agency defendants for alleged constitutional violations.[1] *See Kim v. U.S.*, 632 F.3d 713, 715 (D.C. Cir. 2011) (affirming "jurisdictional dismissal" of *Bivens* claim against IRS agents in their official capacities).

Through the Federal Tort Claims Act ("FTCA"), the United States has consented to be sued for money damages for certain torts under certain conditions. *See* 28 U.S.C. §§ 1346(b)(1), 2671-80. The FTCA does not authorize a suit for constitutional torts, however. *See FDIC v. Meyer*, 510 U.S. at 475-79; *Dancy v. Dep't of Army*, 897 F. Supp. 612, 614 (D.D.C. 1995) (citing cases). Besides, plaintiff cannot otherwise maintain a tort claim against the United States without first exhausting his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. Plaintiff has not indicated that he has pursued has administrative remedies, and the "presentment" requirement is "jurisdictional." *GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *see Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction.").[2]

---

[1] Since a *Bivens* lawsuit is properly brought against a federal official in his or her individual or personal capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) (a *Bivens* claim requires a showing "that the defendant federal official was personally involved in the illegal conduct"). Even if plaintiff had named an individual defendant, this venue in the District of Columbia is not the correct venue for litigating his *Bivens* claim because the alleged events occurred in Puerto Rico. *See* 28 U.S.C. § 1391(b) (establishing the proper venue under the circumstances of this case as a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred," which is the United States District Court for the District of Puerto Rico).

[2] Even if plaintiff had properly exhausted a cognizable FTCA claim, similar to the *Bivens* claim, this venue is improper because the FTCA specifically requires such a claim to be litigated "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Nothing in the complaint suggests that plaintiff is a District

3

Therefore, the Court finds that it lacks subject matter jurisdiction over any cognizable FTCA claim.

2. Mootness

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983). Since plaintiff is no longer incarcerated at the MDC, his claim for injunctive relief is moot, and "the availability of [declaratory] relief presupposes the existence of a judicially remediable right." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (citations and internal quotation marks omitted; alteration in original); *see Cameron v. Thornburgh*, 983 F.2d 253, 257 (D.C. Cir. 1993) (agreeing with the district court's finding that "Cameron's impending transfer to Leavenworth made the claim for an injunction moot"). Therefore, the Court finds that it also lacks subject matter jurisdiction over plaintiff's claims for equitable relief.

3. Class Certification

Plaintiff, purporting to sue as representative of an unidentified class of individuals, seeks class certification. *See* Compl. at 3, 5. As a general rule applicable here, an individual appearing *pro se* may not represent other individuals in federal court, *see* 28 U.S.C. § 1654, and courts have routinely denied a prisoner's request to represent a class of prisoners without the assistance of counsel. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"); *DeBrew v. Atwood*, 847 F. Supp. 2d 95, 104-05 (D.D.C. 2002) ("Plaintiff is without legal training, and hence he is unable to represent the interests of the proposed class of inmates.") (citations omitted); *Maldonado v. Terhune*, 28 F. Supp. 2d 284, 288

---

of Columbia resident. Hence, any exhausted FTCA claim, like any *Bivens* claim, is properly litigated in the United States District Court for the District of Puerto Rico.

(D.N.J. 1998) (quoting *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993)) ("Courts have consistently held that a prisoner acting *pro se* 'is inadequate to represent the interests of his fellow inmates in a class action.' "). Therefore, plaintiff's request for class certification is hereby denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss for want of subject matter jurisdiction is granted and plaintiff's motion for a preliminary hearing on the jurisdictional question is denied as moot. A separate Order of dismissal accompanies this Memorandum Opinion.

_____s/s_____
COLLEEN KOLLAR-KOTELLY
DATE: November 21, 2013                United States District Judge